IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Revelations in Christ Ministries | ) | Case No. 22-13919-EEB |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Morgan Daniels, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 23-_____-EEB |
| | ) | |
| Revelations in Christ Ministries, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS PURSUANT TO 11 U.S.C. §§ 523(a)(4) and (a)(6)**

Plaintiff Morgan Daniels, through her counsel Goodreid & Grant LLC, submits her Complaint to Determine Dischargeability of Indebtedness Pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6) against Debtor Revelations in Christ Ministries (the "Debtor") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b).

2. This is a core proceeding as defined under 28 U.S.C. § 157(b)(2)(I) as it concerns a determination of the dischargeability of a particular debt.

3. Venue in this case is proper pursuant to 28 U.S.C. § 1409.

4. This is an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

5. Complaints to determine the dischargeability of a debt are permissible in a Subchapter V case. 11 U.S.C. § 1192 (2023); *Cantwell-Cleary Co., Inc. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC)*, 36 F.4th 509, 517-518 (4th Cir. 2022).

6. Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court.

## PARTIES

7. Plaintiff is a resident of the State of Oregon.

8. The Debtor is a Colorado limited liability company that filed a chapter 11 bankruptcy proceeding on October 7, 2022.

## FACTUAL ALLEGATIONS

9. The Debtor is a purported seller and provider of "tiny homes." According to the Debtor's website, the company's "driving passion is to spread the love of Christ to those in need."

10. On or about June 26, 2021, Plaintiff entered into a written agreement with the Debtor for the design, sale, and delivery of a tiny home. The agreed upon price was $35,248.37.

11. Plaintiff tendered the purchase price to the Debtor on or about June 30, 2021. Plaintiff expected that her funds would be used only to construct her tiny home, and the Debtor was obligated to use Plaintiff's funds only to construct her tiny home.

12. The Debtor promised to deliver Plaintiff's tiny home in or about November 2021.

13. In an e-mail dated July 30, 2021, the Debtor advised Plaintiff and other customers that the Debtor was "behind schedule on all builds" and that Holy Ground would "be able to fulfill all current builds by the end of January 2022."

14. However, by March 2022, the Debtor still had not delivered Plaintiff's tiny home.

15. Accordingly, on March 13, 2022, Plaintiff requested a full refund of the purchase price of her tiny home.

16. The Debtor denied Plaintiff's request for a refund but, in doing so, acknowledged that the Debtor had not started production of Plaintiff's tiny home. Rather, the Debtor stated that Plaintiff's tiny home was "looking more like a May [2022] production.

17. Plaintiff continued to request a refund from the Debtor, and, on April 2, 2022, the Debtor agreed to refund Plaintiff the full amount of the purchase price by making payments to Plaintiff for the subsequent three months. In making this agreement, the Debtor acknowledged that it had used Plaintiff's funds for a purpose other than constructing Plaintiff's tiny home.

18. The Debtor reimbursed Plaintiff the amount of $11,000.00 but failed and refused to reimburse Plaintiff the balance of her funds in the amount of $24,248.37.

**FIRST CLAIM FOR RELIEF**
**(Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(4))**

19. Plaintiff incorporates the allegations set forth in paragraphs 1 through 18 above as though expressly stated herein.

20. The funds paid by Plaintiff to the Debtor was Plaintiff's property.

21. As a contractor, the Debtor was required to hold Plaintiff's funds in trust for her benefit (C.R.S. § 38-22-127).

22. The Debtor retained Plaintiff's funds without her authorization.

23. The Debtor retained Plaintiff's funds with the intent to deprive Plaintiff permanently of the use and benefit of her funds, and knowingly used Plaintiff's funds for the Debtor's benefit in such a manner as to deprive Plaintiff permanently of the use and benefit of her funds.

24. The Debtor's conduct as described herein constitutes civil theft under C.R.S. §§ 18-4-401(1), 18-4-405, and/or 38-22-127.

25. The Debtor's theft of Plaintiff's funds constitutes fraud or defalcation or larceny as the Debtor was required to hold Plaintiff's funds in trust for her benefit.

26. The Debtor's misconduct resulted in damages to Plaintiff.

27. As a result of the Debtor's defalcation while acting in a fiduciary capacity and/or larceny, the debt owed to Plaintiff is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and 1192.

**SECOND CLAIM FOR RELIEF**
**(Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))**

28. Plaintiff incorporates the allegations set forth in paragraphs 1 through 27 above as though expressly stated herein.

29. By intentionally depriving Plaintiff of the benefit of her funds and knowingly using Plaintiff's funds for the Debtor's benefit, the Debtor intended to, and did, cause injury to Plaintiff.

30. Such conduct constitutes civil theft under C.R.S. §§ 18-4-401(1), 18-4-405, and/or 38-22-127 and, therefore, is wrongful and without just cause.

31. As a result of the Debtor's willful and malicious injury to Plaintiff by stealing her funds, the debt owed to Plaintiff is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(6) and 1192.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:

1. Enter judgment in Plaintiff's favor and against the Debtor for damages in an amount to be determined at trial, including pre- and postjudgment interest, attorney's fees, and costs;

2. Determine that the damages caused by the Debtor to Plaintiff are nondischargeable pursuant to 11 U.S.C. 11 U.S.C. §§ 523(a)(4), 523(a)(6) and 1192; and

3. Award such other relief as may be just and equitable.

DATED this 6th day of January 2023.

By: /s/Paul M. Grant
Paul M. Grant, #26517
Goodreid & Grant LLC
7761 Shaffer Parkway, Suite 105
Littleton, CO 80127
Telephone: (720) 810-4235
pgrant@goodreidgrant.com

ATTORNEYS FOR PLAINTIFF MORGAN DANIELS

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 6, 2023, the foregoing was served via PACER on the following:

Aaron J. Conrardy
2580 W. Main Street, Suite 200
Littleton, CO 80120

Joli A. Lofstedt, Trustee
P.O. Box 270561
Louisville, CO 80027

   I further certify that on January 6, 2023, the foregoing was served by first-class U.S. mail on the following:

Revelations in Christ
3697 S. Natches Ct.
Englewood, CO 80110

                /s/Paul M. Grant
                Paul M. Grant